UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EUGENE P. GRIFFIN, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| DARLENE DREW, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:14-CV-2831-WSD-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal prison in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a response opposing the habeas petition, (Doc. 7), and Petitioner filed a reply, (Doc. 13). For the reasons discussed below, the petition should be dismissed.

**I.   Background**

In 1989, a jury in this Court convicted Petitioner of being a felon in possession of a firearm and cocaine trafficking. *United States v. Griffin*, No. 1:88-cr-45-JOF (N.D. Ga. 1989). In 1990, the Court sentenced Petitioner to life imprisonment for the firearm conviction and a consecutive twenty-year sentence for the drug conviction.

The life imprisonment sentence exceeded the maximum for the firearm conviction because the Armed Career Criminal Act ("ACCA") applied. *See* 18 U.S.C. § 924(a)(2). The ACCA imposes a minimum sentence of fifteen years' imprisonment

and a maximum of life if a person convicted of being a felon in possession of a firearm has at least three prior convictions for either serious drug offenses or violent felonies. 18 U.S.C. § 924(e). The ACCA defines "violent felony" as any felony that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[1] *Id.* § 924(e)(2)(B).

The Court found that Petitioner had at least three prior convictions for violent felonies. *Griffin*, No. 1:88-cr-45-JOF, ECF No. 66 at 1-2. Those prior convictions included three convictions for burglary and one conviction for murder, all in Fulton County, Georgia. *Id.*

The court of appeals affirmed Petitioner's judgment of conviction. *United States v. Griffin*, 914 F.2d 269 (11th Cir. 1990) (unpublished). Petitioner filed his first motion to vacate sentence under 28 U.S.C. § 2255 in 1992, and the Court denied the motion the same year. *Griffin*, No. 1:88-cr-45-JOF, ECF Nos. 4 through 6. The court of appeals affirmed that judgment too. *Id.* ECF No. 16.

---

[1] That is the current definition and the definition in effect when the Court sentenced Petitioner.

In 1997, after Petitioner's first § 2255 motion had been adjudicated, a state court vacated Petitioner's burglary convictions from Fulton County that were used to enhance his federal sentence under the ACCA. *Id.* ECF No. 66 at 2. Petitioner then filed several motions to correct his sentence under Federal Rule of Criminal Procedure 35(a), in which he argued, among other things, "that his sentence of life in prison under the . . . ACCA . . . is illegal . . . because his predicate state burglary convictions were vacated after his federal sentence was imposed." *Id.* ECF No. 68 at 3. The Court denied all the Rule 35 motions, and the court of appeals affirmed. *Id.* The court of appeals held that because the burglary convictions existed at the time the Court sentenced Petitioner, Petitioner's "offense of conviction, 18 U.S.C. § 922(g), therefore authorized the imposition of a life sentence under the ACCA." *Id.* at 6. Rule 35(a) provided no relief from a sentence "that was legal when imposed." *Id.*

Petitioner also filed additional § 2255 motions challenging the life imprisonment sentence on the ground that his state burglary convictions underlying the ACCA enhancement had been vacated. *Id.* ECF No. 75 at 3-4. The Court denied those motions as impermissibly successive because Petitioner had not obtained permission from the court of appeals to file another § 2255 motion. *Id.* Petitioner never obtained such permission from the court of appeals.

Petitioner continued filing in his criminal case motions seeking to overturn his life imprisonment sentence. *Id.* at 4-7. The Court denied those motions, noting in 2009 the "numerous procedural hurdles to Petitioner's claim." *Id.* at 11. The Court also noted that even if Petitioner's claim based on the vacatur of his state burglary convictions was not procedurally barred, the claim would fail on the merits because Petitioner did not timely seek vacatur of those convictions, but instead waited eight years after his convictions in his federal case. *Id.* at 11-12.

In 2010, the court of appeals denied Petitioner a certificate of appealability regarding his attempts to relitigate his sentencing claim under § 2255. *Id.* ECF No. 94. Later that year, the court of appeals affirmed the Court's denial of Petitioner's other motions challenging the sentence. *Griffin v. United States*, 405 F. App'x 377 (11th Cir. 2010).

Petitioner continued filing motions challenging his sentence and for immediate release from prison. The Court denied all those motions. *Griffin*, No. 1:88-cr-45-JOF, ECF Nos. 103, 105, 108. The court of appeals again affirmed. *United States v. Griffin*, 520 F. App'x 786 (11th Cir. 2013).

Petitioner then filed his habeas petition in this case, again claiming that he was improperly sentenced to life imprisonment under the ACCA. (Doc. 1.) Petitioner now

4

invokes § 2255's "savings clause" based on the court of appeals' recent decision regarding the savings clause in *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013). (*Id.*) Petitioner also repeats his claim that his life imprisonment sentence should be set aside because his ACCA-predicate burglary convictions have been vacated.

## II. The Savings Clause As It Applies To ACCA Claims

The savings clause allows a federal prisoner to obtain relief under § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy. *Smith v. United States*, 263 F. App'x 853, 856 (11th Cir. 2008). A federal prisoner cannot obtain relief via the savings clause simply because he is barred from filing another § 2255 motion by § 2255(h)'s "second or successive" provision. *Gilbert v. United States*, 640 F.3d 1293, 1308-12 (11th Cir. 2011) (en banc).

"The applicability of the savings clause is a threshold jurisdictional issue" that district courts must determine before reaching the merits of a § 2241 petitioner's claims. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) ("[W]e hold that the savings clause does indeed impose a subject-matter

5

jurisdictional limit on § 2241 petitions."). If a petitioner does not satisfy the Eleventh Circuit's test for applicability of the savings clause, the district court "lack[s] subject-matter jurisdiction to entertain the matter." *Id.* at 1349-50.

In the Eleventh Circuit, the savings clause applies to a claim that a petitioner was improperly sentenced under the ACCA (§ 924(e)) for prior violent felony convictions only if the petitioner shows the following:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [the petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in *Begay* [or another case] . . . overturned our Circuit precedent that had squarely foreclosed [the petitioner's] § 924(e) claim; (3) the new rule announced in *Begay* [or the other Supreme Court case] applies retroactively on collateral review; (4) as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-*Begay* error claim of illegal detention above the statutory maximum penalty in § 924(a).

*Bryant*, 738 F.3d at 1274. Because Petitioner asserts that type of ACCA claim in this case, he must satisfy *Bryant*'s test for this Court to have jurisdiction over the claim. *See id.* at 1270-74.

AO 72A
(Rev.8/82)

### III. Analysis

As an initial matter, Petitioner cannot relitigate his claim that his life imprisonment sentence should be set aside because the burglary convictions that triggered the ACCA have been vacated. Both this Court and the court of appeals have rejected that claim, and Petitioner cannot present it in another § 2255 motion without first obtaining permission from the court of appeals. *See Griffin*, No. 1:88-cr-45-JOF, ECF Nos. 68, 75, 94.

Petitioner is not entitled to relief under the savings clause on his claim that his burglary convictions were not violent felonies under the ACCA because he has not satisfied *Bryant*'s test. The first prong of that test requires Petitioner to show that through 1992 – the date when his first § 2255 motion was denied – "binding precedent" in the Eleventh Circuit "ha[d] *specifically addressed* [his] *distinct* prior state conviction" that he contends no longer qualifies as a predicate crime under the ACCA. *See Bryant*, 738 F.3d at 1274-75 (emphasis added); *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (petitioner must show that "this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition"). In other words, Petitioner must identify a pre-1992 decision from the U.S. Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit that held that the

7

AO 72A
(Rev.8/82)

crime of burglary under Georgia law is a violent felony under the ACCA. Petitioner has identified no such case, and the Court has found none.

There was no precedent at the time Petitioner was sentenced and throughout his first § 2255 proceedings unequivocally holding that a conviction under Georgia's burglary statute constituted a violent felony for ACCA purposes. The law instead was that "non-generic" burglary statutes like Georgia's – statutes that define burglary more broadly than simply an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime" – are not categorically violent felonies. *Taylor v. United States*, 495 U.S. 575, 599 (1990); *see* O.C.G.A. § 16-7-1 and prior versions. Convictions under such non-generic burglary statutes qualify as violent felonies only if the defendant was actually found guilty of the elements of a generic burglary, as shown by the charging documents, plea agreements, and other documents from the trial court's record.[2] *Taylor*, 495 U.S. at 602; *see Johnson v.*

---

[2] Those documents in Petitioner's three burglary cases show that he was convicted of generic burglary, as in all three cases he unlawfully entered another person's home with intent to steal. (Doc. 8.) It does not matter whether Petitioner's burglaries involved the actual or threatened use of force against another person. *See Taylor*, 495 U.S. at 596-98 (the crimes expressly listed in the ACCA, including burglary, are violent felonies because they "so often present[] a risk of injury to persons . . . even though . . . they do not necessarily involve the use or threat of force against a person" and may involve "an unarmed offender, an unoccupied building, and no use or threat of force").

8

*United States*, 559 U.S. 133, 144 (2010) (referring to this as the "modified categorical approach" for determining whether a conviction is a violent felony (quotation marks omitted)). There simply was no binding precedent precluding Petitioner from arguing at sentencing, on direct appeal, or in his first § 2255 proceedings, that his burglary convictions were not violent felonies under the ACCA.

Because Petitioner has not satisfied the first prong of *Bryant*'s test, he necessarily fails the second prong. The second prong requires Petitioner to show that a decision by the U.S. Supreme Court overturned, or "busted," the circuit precedent that had squarely foreclosed his claim. *See Bryant*, 738 F.3d at 1274-75. "Because there was no binding precedent that foreclosed his § 924(e) argument, it follows that no Supreme Court ruling could have overturned precedent foreclosing his claim." *Campbell v. Warden, FCC Coleman-Medium*, No. 13-12878, 2014 WL 6765492, at *4 (11th Cir. Dec. 2, 2014).

Even if Petitioner had satisfied the first prong of *Bryant*'s test, he has identified no retroactively applicable Supreme Court decision that overturned any precedent regarding burglary under Georgia law serving as an ACCA predicate. *Begay v. United States* did not concern burglary or any of the enumerated crimes in the ACCA definition of "violent felony," but instead addressed only the residual clause in that

9

definition. 553 U.S. 137, 144-48, (2008) (holding that non-enumerated crimes, like driving under the influence, are violent felonies under the residual clause if they involve "purposeful, violent, and aggressive conduct"); *see Sykes v. United States*, 131 S. Ct. 2267, 2275-76 (2011) (clarifying that the quoted phrase in *Begay* is not the sole test for all non-enumerated crimes covered by the ACCA). And *Descamps v. United States*, 133 S. Ct. 2276 (2013) does not help Petitioner because "[n]either the Supreme Court nor [the U.S. Court of Appeals for the Eleventh Circuit] . . . has held that *Descamps* applies retroactively on collateral review." *See Nipper v. Warden, FCC Coleman-Medium*, No. 12-13281, 2015 WL 106855, at *5 (11th Cir. Jan. 8, 2015) (holding that federal prisoner "may not 'open the portal" to a § 2241 petition based on *Descamps*"); *Gray v. United States*, No. 1:99-CR-0386-RWS, 2014 WL 3749662, at *3 (N.D. Ga. July 28, 2014) ("Because *Descamps* does not have retroactive application, Petitioner fails to establish the grounds for opening the portal to a § 2241 petition.").

"In sum, . . . [Petitioner] has failed to establish . . . that binding circuit precedent 'squarely foreclosed' him from raising his claim on direct appeal or in his previous § 2255 motion, or that a retroactively applicable Supreme Court decision overturned the relevant precedent. Accordingly, [Petitioner] has not satisfied the § 2255(e)

savings clause requirements . . . ." *See Aiken v. Warden, FCC Coleman-Medium*, No. 12-13514, 2014 WL 7356304, at *4 (11th Cir. Dec. 29, 2014) (citation omitted); *Williams*, 713 F.3d at 1344-47 (so holding as to petitioner who challenged ACCA predicate of burglary under Florida law). The Court therefore lacks jurisdiction over the petition. *See Williams*, 713 F.3d at 1349-50.

## IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED** for lack of jurisdiction. Petitioner's motion for extension of time to file his reply brief [11] is **GRANTED NUNC PRO TUNC**.

**SO ORDERED & RECOMMENDED**, this *17* day of *February*, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

11