IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EUGENE P. GRIFFIN,

                Petitioner,

v.

DARLENE DREW, Warden,

                Respondent.

1:14-cv-2831-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [14] ("R&R") which considers Petitioner Eugene P. Griffin's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [1] ("Petition"). The Magistrate Judge recommended that the Petition be dismissed for lack of jurisdiction. Also before the Court is Petitioner's (i) Motion for Extension of Time to File Objections to the R&R [16] ("Motion for Extension");[1] (ii) "Motion to Supplement Pending 28 U.S.C. § 2241 Petition with Claim Relying on Spencer v. United States" [18] (the "First Motion to

---

[1] Objections to the R&R were due on or before Friday, March 6, 2015. ([15]). Petitioner filed his Motion for Extension and his Objections [17] on Monday, March 9, 2015, one business day after objections were due. In view of Petitioner's *pro se* status, and the one-day delay in filing the Objections, Petitioner's Motion for Extension is granted.

Supplement"); and (iii) Petitioner's "Motion to Supplement 28 U.S.C. § 2241 Petition" [19] (the "Second Motion to Supplement").

## I.   BACKGROUND[2]

In 1989, Petitioner, currently a federal prisoner in Atlanta, Georgia, was convicted of being a felon in possession of a firearm and of cocaine trafficking. (R&R at 1) (citing United States v. Griffin, No. 1:88-cr-45-JOF (N.D. Ga. 1989)). In 1990, the Court sentenced Petitioner to life imprisonment for the firearm conviction and a consecutive twenty-year sentence for the drug conviction.  (Id.).

The Court imposed a period of incarceration in excess of the maximum authorized for the firearm offense because the Court concluded that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), applied.  (R&R at 1-2); (Griffin, 1:88-cr-45-JOF at [66] at 1-2).  The ACCA imposes a minimum period of fifteen years imprisonment and a maximum period of life imprisonment if a person convicted of being a felon in possession of a firearm has three previous convictions for a violent felony or serious drug offense.  18 U.S.C. § 924(e).  The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened

---

[2]   Petitioner did not object to the Magistrate Judge's recitation of the facts, and, finding no plain error in them, the facts are adopted by the Court.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

2

> use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Petitioner had three prior convictions for burglary and one conviction for murder. (R&R at 2); (Griffin, 1:88-cr-45-JOF at [68]). The Court, because of these three burglary convictions, sentenced Petitioner under the ACCA. (R&R at 1-2).

On August 23, 1990, the Eleventh Circuit affirmed Petitioner's conviction. United States v. Griffin, 914 F.2d 269 (11th Cir. 1990). On January 24, 1992, Petitioner filed his first motion to vacate his sentence under 28 U.S.C. § 2255, which the Court denied on August 20, 1992. (R&R at 2); (Griffin, 1:88-cr-45-JOF at [4]-[6]). The Eleventh Circuit affirmed the denial of Petitioner's first § 2255 motion. (R&R at 2); (Griffin, 1:88-cr-45-JOF at [16]).

In 1997, the state court vacated Petitioner's three burglary convictions that were used to enhance his sentence under the ACCA. (R&R at 3). Petitioner filed a second § 2255 motion, arguing that he no longer had the predicate felony offenses required under the ACCA, and sought a reduction in his sentence. (R&R at 3); (Griffin, 1:88-cr-45-JOF at [68] at 3). The Court denied Petitioner's second § 2255

3

motion as successive, and the Eleventh Circuit denied Petitioner leave to file a successive § 2255 motion.  (R&R at 3); (Griffin, 1:88-cr-45-JOF at [68] at 3).[3]

On September 2, 2014, Petitioner filed his Petition pursuant to 28 U.S.C. § 2241, challenging his sentence enhancement under the ACCA, arguing the savings clause under 28 U.S.C. § 2255(e) allows the Court to exercise jurisdiction over his Petition.  Petitioner does not reargue that he should be resentenced because his three prior burglary convictions were vacated.  Petitioner argues instead that, under the Supreme Court decision in Begay v. United States, 553 U.S. 137 (2008)—which was issued after Petitioner filed his first § 2255 motion—his three prior burglary convictions should not count as "violent felonies" under the ACCA.  (Memorandum in Support of Petition [1.1] ("Memorandum") at 2-11).

On February 20, 2015, the Magistrate Judge issued her R&R, recommending that the Petition be dismissed for lack of jurisdiction, concluding that the savings clause did not apply to Petitioner's claim.  Petitioner had until March 6, 2015, to file any objections to the R&R.  On March 9, 2015, Petitioner filed his Objections

---

[3] Petitioner also filed several motions to correct his sentence under Rule 35(a) of the Federal Rules of Criminal Procedure, arguing that his sentence of life imprisonment under the ACCA was illegal because the predicate felony convictions were vacated.  (R&R at 3).  The Court denied these motions, and the Eleventh Circuit affirmed, noting that Rule 35(a) cannot be used to challenge a sentence that was "legal when imposed."  (R&R at 3); (Griffin, 1:88-cr-45-JOF at [68] at 5).  Petitioner continued filing motions in his criminal cases seeking to overturn his life sentence.  (R&R at 4).  These attempts were unsuccessful.

[17] to the R&R, in which Petitioner argues that the Magistrate Judge misinterpreted the requirements of the savings clause and that it should apply.

On April 13, 2015, Petitioner filed his First Motion to Supplement, in which Petitioner seeks to supplement his Petition by adding the claim that his ACCA-enhanced sentence is invalid because his underlying burglary convictions were vacated.  (First Mot. to Supplement at 1-3).

On July 21, 2015, Petitioner filed his Second Motion to Supplement, in which Petitioner seeks to supplement his Petition to discuss the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).  (Second Mot. to Supplement at 1-3).  Petitioner argues that <u>Johnson</u> supports his claim that his three burglary convictions should not be considered predicate offenses under the ACCA.  (<u>Id.</u>).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Petitioner objected to the Magistrate Judge's conclusion that the savings clause does not apply to his claim that his three burglary convictions did not constitute violent felonies under the ACCA.  The Court thus reviews the Magistrate Judge's findings and recommendations *de novo*.  See 28 U.S.C. § 636(b)(1).

B.  Analysis

28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).  The underlined clause of the statute is commonly referred to as the "savings clause."  Bryant v. Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013).  The savings clause allows a federal prisoner who failed to

apply for relief by motion to petition for relief under 28 U.S.C. § 2241 if a § 2255 motion is inadequate or ineffective to challenge his detention. 28 U.S.C. § 2255(e). A petitioner bears the burden of affirmatively showing the inadequacy or ineffectiveness of the remedy under § 2255. Smith v. United States, 263 F. App'x 853, 856 (11th Cir. 2008). A petitioner cannot obtain relief under the savings clause simply because he is barred from filing a § 2255 motion because the motion is, under § 2255(h), a "second or successive" motion. Gilbert v. United States, 640 F.3d 1293, 1308-12 (11th Cir. 2011).

"[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a 'threshold' jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses." Bryant, 738 F.3d at 1262.

To affirmatively show that the savings clause applies to his claim, Petitioner must establish:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [Petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [Petitioner's] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in *Begay,* as extended by this Court to [Petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [Petitioner's] § 924(e) claim; (3) the new rule announced in *Begay* applies retroactively on

collateral review; (4) as a result of *Begay*'s new rule being retroactive, [Petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-*Begay* error claim of illegal detention above the statutory maximum penalty in § 924(a).

See id. at 1274.

Petitioner does not meet the Bryant requirements. The first prong of the Bryant test requires Petitioner to show that through 1992—the date he filed his first § 2255 petition—binding Eleventh Circuit precedent held that the crime of burglary under Georgia law constituted a "violent felony" under the ACCA, such that his claim would have been foreclosed when he filed his first § 2255 motion. See id.

When Petitioner was convicted of Georgia state burglary in 1958, 1962, and 1965, Georgia law defined burglary as:

> [T]he breaking and entering into the dwelling, mansion or storehouse, or other place of business of another, where valuable goods, wares, produce or other article of value are contained or stored.

Cannon v. State, 149 S.E.2d 418, 419 (Ga. Ct. App. 1966) (citing Georgia Code § 26-2401).[4] Petitioner did not cite any pre-1992 Supreme Court or Eleventh Circuit authority, and the Court also did not find any, that foreclosed Petitioner's

---

[4] Section 26-2401 was repealed in 1968. Georgia's current burglary statute removes the requirement of "breaking" and includes dwellings and buildings and adds "vehicle[s], railroad car[s], watercraft, [and] aircraft" to the list of places one is prohibited from entering or remaining in without authority. O.C.G.A. § 16-7-1.

8

claim by holding that a conviction for burglary under Georgia Code § 26-2401 qualifies as a violent felony for purposes of the ACCA.  For this reason alone, Petitioner cannot satisfy the Bryant test, and cannot rely on the savings clause to establish jurisdiction for the Court to adjudicate his claim on the merits.  See Bryant, 738 F.3d at 1262.

Because Petitioner cannot show Eleventh Circuit precedent foreclosed his claim, he likewise cannot satisfy the second prong of the Bryant test, which requires that Petitioner show that a Supreme Court decision overturned the Eleventh Circuit decision foreclosing his claims.  See id. at 1274; see also Campbell v. Warden, FCC Coleman-Medium, 595 F. App'x 839, 843 (11th Cir. 2014) ("Because there was no binding precedent that foreclosed his § 924(e) argument, it follows that no Supreme Court ruling could have overturned precedent foreclosing his claim.").

Even if Petitioner satisfied the first two prongs of the Bryant test, he cannot satisfy the fourth prong.[5]  Petitioner argues that the Supreme Court's decision in Begay supports that his Georgia burglary convictions should not have been treated as "violent felonies" for ACCA purposes.

---

[5] The third prong of the Bryant test requires that the new rule of constitutional law relied upon by a petitioner be retroactive on collateral review.  Bryant, 738 F.3d at 1274.  Petitioner relies on the rule in Begay, which the Eleventh Circuit has held to be retroactive on collateral review.  Id. at 1277.

The ACCA defines "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The emphasized words are often referred to as the ACCA's "residual clause."  <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2256 (2015).  <u>Begay</u> did not address whether burglary, an enumerated offense under the ACCA listed before the residual clause, constituted a violent felony under the ACCA.  <u>Begay</u> addressed only whether New Mexico's offense of driving under the influence constituted a "violent felony" under the residual clause.  <u>Begay</u>, 553 U.S. at 139.  Because <u>Begay</u> did not address burglary, an enumerated crime in the ACCA, <u>Begay</u> does not support Petitioner's claim that his current ACCA-enhanced sentence violates the statutory maximum authorized by Congress in 18 U.S.C. § 924(a).[6]

---

[6]   Respondent, in its Opposition [7] to Petitioner's Petition, asserts that Petitioner relies on the Supreme Court decisions in <u>Begay</u> and <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013).  ([7] at 4).  The Supreme Court, in <u>Descamps</u>, considered whether a burglary conviction under California law constituted a "burglary" for the purposes of the ACCA.  The <u>Descamps</u> court "refined the process for determining whether a prior conviction qualifies as a "violent felony" under the ACCA."  <u>Abney v. Warden</u>, 621 F. App'x 580, 584 (11th Cir. 2015).  The <u>Descamps</u> court reaffirmed that, to determine whether a past

Petitioner's Begay challenge to his ACCA-enhanced sentence does not satisfy the Bryant requirements, and Petitioner cannot invoke the savings clause to "open the portal" to allow the Court to address his Petition on the merits.  See Bryant, 738 F.3d at 1274; 28 U.S.C. § 2255(e).  The Petition is required to be dismissed for lack of jurisdiction.  See 28 U.S.C. § 2255(e).

Also pending before the Court are Petitioner's First Motion to Supplement and Second Motion to Supplement.  In his Second Motion to Supplement,

---

conviction is for "burglary, arson, or extortion," the enumerated offenses in the ACCA, courts must use what is called the "categorical approach."  Descamps, 133 S. Ct. at 2281.  Under this approach, the district court must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime—*i.e.*, the offense as commonly understood."  Id.  "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."  Id.  The Descamps court also affirmed that, in the case of a "divisible" statute—one that sets out alternative crimes, some of which qualify as ACCA predicates—the sentencing court may apply a 'modified categorical approach' to determine which of the statutory alternatives formed the basis of the defendant's prior conviction and thus whether the conviction qualifies as an ACCA predicate.  Id. at 2283-84.  The Descamps court held that the "modified categorical approach," did not apply to "indivisible" statutes—statutes that define the crime at issue too broadly rather than setting forth alternative elements.  Id. at 2285-86.

A review of the Petition, Memorandum, and the other pleadings filed before the R&R was issued, does not show that Petitioner asserted a claim based on Descamps.  Petitioner cites to Descamps for the first time in his Objections.  Assuming, *arguendo*, that waiting until his Objections to assert his Descamps claim is permissible—which it is not—Petitioner's Descamps-argument is required to be denied, because Descamps did not announce a new rule of constitutional law that "applies retroactively on collateral review," and Petitioner, thus, does not satisfy the Bryant requirements.  E.g., Abney, 621 F. App'x at 583; Bryant, 738 F.3d at 1274.

11

Petitioner seeks to supplement his Petition to address the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which Petitioner argues supports his claim that his three burglary convictions should not have been considered violent felonies under the ACCA. (Second Mot. to Supplement at 1-3). In Johnson, the Supreme Court declared the residual clause of the ACCA to be unconstitutionally vague, and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S.Ct. at 2563. The Supreme Court noted that this decision did not "call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. Because Petitioner's conviction was for burglary, one of the enumerated offenses, the Johnson court's holding that the residual clause is unconstitutionally vague does not support Petitioner's argument that his underlying burglary convictions should not count as violent felonies for the purpose of the ACCA. Petitioner's Second Motion to Supplement is denied as moot.

Petitioner's First Motion to Supplement seeks to supplement his Petition by adding his previously raised claim that his ACCA-enhanced sentence is invalid because the underlying burglary convictions were vacated in 1997. (First Mot. to Supplement at 1-3). Petitioner previously raised this claim in his second filed

§ 2255 motion. (R&R at 3) (Griffin, 1:88-cr-45-JOF at [68] at 3). The Court denied Petitioner's second § 2255 motion as successive, and the Eleventh Circuit denied Petitioner leave to file a successive § 2255 motion. (R&R at 3) (Griffin, 1:88-cr-45-JOF at [68] at 3).

Petitioner argues that the Eleventh Circuit's decision in Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014), supports his argument that he is entitled to be resentenced because his prior burglary convictions—the predicate offenses that justified his ACCA enhancement to his sentence—were vacated. (First Mot. to Supplement at 1-3). Spencer concerned a challenge by a defendant in his first § 2255 motion to an alleged misapplication of the United States Sentencing Guidelines. Spencer, 773 F.3d at 1135. In discussing whether such a challenge was permitted, the Eleventh Circuit stated that a defendant may "collaterally attack a sentence enhanced by a prior conviction if that prior conviction has since been vacated." Id. at 1139. The Eleventh Circuit relied on Johnson v. United States, 544 U.S. 295 (2005),[7] which held that "a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated," if he "diligently" acts to vacate the earlier conviction,

---

[7] This 2005 case is unrelated to the Supreme Court's 2015 Johnson decision.

13

Johnson, 544 U.S. at 303, 310, and Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011).

In Stewart, the Eleventh Circuit addressed whether a district court erred in finding that the defendant's "numerically second" § 2255 motion was "second or successive" under the Antiterrorism and Effective Death Penalty Act ("AEDPA")[8] where the grounds he asserted—that his prior predicate offenses had been vacated—did not exist at the time he filed his first § 2255 motion. Stewart, 646 F.3d at 857-58. The Stewart court noted that the "phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." Id. at 859. "[W]hen a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'" Id. at 860. The Stewart court concluded that because the basis for the defendant's "vacatur" claim did not exist until his prior state convictions were vacated after his first § 2255 motion, his "numerically second motion [was] not 'second or successive,' and [AEDPA's] gatekeeping

---

[8]  To file a "second or successive" § 2255 motion, a defendant must first file an application with the Eleventh Circuit for an order authorizing the Court to consider it. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Id.

14

provision [did] not apply." Id. at 865. The Stewart court remanded the case to the district court for resentencing. Id.

Petitioner does not cite any legal authority, and the Court has not found any, to support that Petitioner is entitled to raise his "vacatur" claim in his § 2241 Petition. To the extent that Petitioner wishes to assert a habeas claim based on the vacatur of his burglary convictions, Petitioner would be required to raise this claim in a § 2255 motion. Petitioner's First Motion to Supplement is denied as moot.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Eugene P. Griffin's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [1] is **DISMISSED**.[9]

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time to File Objections to the R&R [16] is **GRANTED**.

---

[9] Petitioner, as a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241, does not need a certificate of appealability to appeal the Court's dismissal of his Petition. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). The Court, thus, declines to address whether a certificate of appealability is warranted in this action.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Supplement Pending 28 U.S.C. § 2241 Petition with Claim Relying on Spencer v. United States" [18] and Motion to Supplement 28 U.S.C. § 2241 Petition [19] are **DENIED AS MOOT**.

**SO ORDERED** this 1st day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE